﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/26/19

DOCKET NO. 190301-3047
DATE: August 27, 2019

REMANDED

Entitlement to service connection for congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand, to include as secondary to intervertebral disc syndrome (IVDS), is remanded.

REASONS FOR REMAND

The Veteran served on active duty from January 1977 to August 1984. This appeal is before the Board of Veterans’ Appeals (Board) on appeal from July 2018 and February 2019 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). This decision has been written consistent with the new AMA framework. Since he elected the direct review lane, the Board’s review is limited to the evidence the Agency of Original Jurisdiction (AOJ) (i.e., RO) considered when adjudicating the claim.

Entitlement to service connection for congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand, to include as secondary to IVDS, is remanded.

The Veteran contends that he is entitled to service connection for his congenital cervical spine disability based on a secondary theory of entitlement. Essentially, he asserts that his congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand, have been aggravated by his service-connected disabilities, specifically his IVDS, meaning worsened beyond normal progression. 

The Board cannot make a fully informed decision in response to this contention because there has been a pre-decisional duty-to-assist error. At no point has the Veteran been afforded a VA medical examination to determine whether his congenital cervical disability has been aggravated by his service-connected disabilities, specifically his IVDS. 

The medical evidence of record includes a June 1984 note from the Veteran’s service treatment records (STRs) stating he has “congenital fusion C2-3” and “degenerative changes of C6-7” and that both were incurred while he was entitled to base pay (meaning while on active duty), neither existed prior to his service, and most importantly both were permanently aggravated by his service. Of note is that this record states that a congenital disability onset while in service; however, after a review of the record it seems that, after a separate back injury in service, the Veteran had back x-rays taken at which point his congenital cervical disability was discovered. There is also a February 2016 letter from a VA doctor, Dr. S.P., stating the Veteran now has “severe degenerative disc disease at all levels of neck” which evidences a possible worsening in the cervical segment of his spine.

The Veteran received a July 2018 rating decision that denied his claim of entitlement to service connection for the congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand. In October 2018, he chose to opt-in to RAMP by submitting VA Form 21-4138 and selecting the supplemental review option. Pursuant to that election, the AOJ issued the February 2019 rating decision that is the subject of this appeal. 

The February 2019 supplemental review rating decision again denied the Veteran’s claim for service connection. However, the Board has found that, even prior to the July 2018 rating decision and before the Veteran chose to opt-in to the RAMP program, he had not been afforded a VA examination to determine whether his congenital cervical spine disability has been aggravated or worsened beyond its normal progression by his service-connected disabilities – namely, by his IVDS. This is a pre-decisional duty-to-assist error. 

As a pre-decisional duty-to-assist error has been identified, this claim of entitlement to service connection for congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand, to include as secondary to service-connected IVDS, must be remanded. Pub. L. No. 115-55, § 2(d)(2); 38 C.F.R. § 3.2502.

The matter is REMANDED for the following action:

This claim of entitlement to service connection for congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand, to include as secondary to service-connected IVDS, is returned to the AOJ to correct a duty-to-assist error that occurred prior to the July 2018 rating decision, so also prior to the February 2019 RAMP decision. 

More specifically, the AOJ did not obtain a VA examination prior to the July 2018 rating decision for medical comment regarding whether the congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand, is aggravated by the Veteran’s service-connected IVDS. 

However, based on the evidence associated with the claims file prior to the July 2018 rating decision, the Board finds that a VA examination/medical opinion is required to determine whether congenital fusion of C2-3 and degenerative changes at C6-7 with claimed paresthesia, left hand, is aggravated by the Veteran’s service-connected IVDS. Two opinions are required when determining whether secondary service connection is warranted - one concerning causation and another concerning aggravation. So even accepting the service-connected IVDS did not cause the cervical disability, since by all accounts its congenital, there still needs to be opinion on whether the service-connected IVDS has aggravated the congenital cervical disability, meaning worsened it (to any extent) beyond normal progression. 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K Pak, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.